

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
MAR 16 2021
ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

UNITED STATES OF AMERICA

v.

NANCY W. NEW and
ZACHARY W. NEW

CRIMINAL NO. *3:21 cr 28 CWR-FKB*

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1028A
18 U.S.C. § 1956
18 U.S.C. § 1957

The Grand Jury charges:

1.      At all times relevant to this indictment, **NANCY W. NEW** was the President of

New Learning Resources, Inc. ("NLR"), a for-profit Mississippi Corporation.

2.      At all times relevant to this indictment, **ZACHARY W. NEW** was the Vice-

President of NLR, a for-profit Mississippi Corporation.

3.      At all times relevant to this indictment, NLR was a for-profit Mississippi

Corporation that was also doing business as New Learning Resources School District

("NLRSD").  NLR has operated New Summit School ("NSS") located in Jackson, Mississippi

since at least 1997.

### COUNT 1
### (Conspiracy to Commit Wire Fraud)

4.      The factual allegations in Paragraphs 1 – 3 are re-alleged and incorporated as if

set forth herein their entirety.

5.      Beginning at least as early as sometime in 2016, the exact date being unknown to

the Grand Jury, and continuing thereafter until the date of this indictment, in Hinds County in the

Northern Division of the Southern District of Mississippi, and elsewhere, the defendants,

**NANCY W. NEW and ZACHARY W. NEW**, did knowingly and intentionally combine,

conspire, confederate, and agree with each other and with others known and unknown to the

Grand Jury, to commit the following offense:

> To knowingly devise a scheme or artifice or intend to devise a scheme or artifice to
> defraud and to obtain money by means of materially false and fraudulent pretenses,
> representations, or promises and, for the purpose of executing the scheme, did transmit or
> cause to be transmitted by means of wire or radio communications in interstate
> commerce, any writings, signals or sounds, in violation of Title 18, United States Code,
> Section 1343.

MANNER AND MEANS OF THE CONSPIRACY

6.     It was part of the agreement and conspiracy that defendants **NANCY W. NEW**

and **ZACHARY W. NEW**, and others known and unknown to the Grand Jury, would submit

documents containing false and fraudulent information to the Mississippi Department of

Education on behalf of NLR for NLRSD and NSS in Jackson.  Specifically, the co-conspirators

created and submitted fraudulent claims and related documents to receive payments from the

State of Mississippi as reimbursement for the salaries of teachers at NSS in Jackson that the co-

conspirators fraudulently claimed to be qualified for reimbursement under the Mississippi

Adequate Education Program ("MAEP").  These fraudulent reimbursement claims included but

were not limited to (1) false claims that individuals who no longer worked at NSS had continued

to work there as teachers; (2) false claims that individuals who were working at NSS in another

capacity were working as teachers; (3) a false claim that a least one individual who had never

worked at NSS worked as a teacher there; (4) false claims that the experience level and

certification level of teachers at NSS were higher than they actually were, resulting in

reimbursement at an artificially higher salary level; (5) false claims that students who no longer

attended NSS continued to attend school there; and (6) false claims that individuals who had

never attended NSS in Jackson were full-time students attending school at NSS.

2

7.    As a result of these materially false and fraudulent pretenses, representations, or promises, the conspirators caused the State of Mississippi to make payments to NLR by means of the use of interstate wires in 2017, 2018, 2019 and 2020 for a higher dollar amount than NLR was legally entitled to receive. As a result of the false material submissions to the Mississippi Department of Education by **NANCY W. NEW** and **ZACHARY W. NEW**, and others known and unknown to the Grand Jury, NLRSD fraudulently obtained in excess of two million dollars ($2,000,000) to which it was not entitled.  **NANCY W. NEW** and **ZACHARY W. NEW** personally benefited from this scheme to defraud.

All in violation of Title 18, United States Code, Sections 1349.

COUNTS 2 through 9
(Wire Fraud)

8.    The factual allegations in Paragraphs 1 – 7 are re-alleged and incorporated as if set forth her in their entirety.

9.    That from sometime in early 2016, and continuing thereafter until the date of this Indictment, the exact dates unknown to the Grand Jury, in Hinds County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **NANCY W. NEW** and **ZACHARY W. NEW**, devised and intended to devise a scheme and artifice to defraud the State of Mississippi and others, and to obtain money by means of materially false and fraudulent pretenses, representations, or promises and, for the purpose of executing the scheme, transmitted or caused to be transmitted, by means of wire or radio communications, in interstate commerce, certain wire communications on or about the dates set forth below, each item constituting a separate count herein.

10.    Defendants **NANCY W. NEW** and **ZACHARY W. NEW**, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly transmit and cause to be

3

transmitted writings, sounds, and signals, by means of wire, in interstate commerce, which resulted in the fraudulent transfer of funds from the State of Mississippi to defendants **NANCY W. NEW** and **ZACHARY W. NEW** and to others on their behalf.

11.     The materially false and fraudulent pretenses, representations and promises made by Defendants **NANCY W. NEW** and **ZACHARY W. NEW** induced the State of Mississippi to make payments to the NLR to which NLR was not legally entitled.

12.     The State of Mississippi contracted with a third-party vendor based outside of the State of Mississippi, to process and make payments to other entities, including NLR.  Payments were processed through electronic communication utilizing the third party vendor's data processing facilities, which are located outside of the State of Mississippi.  This data travelled via interstate electronic communication.  When the State of Mississippi authorized payments to NLR, the third-party vendor initiated a transfer of funds on behalf of the State of Mississippi using interstate wire transfers through the Federal Reserve Automated Clearing House to the accounts of NLR.

13.     In the process of executing this scheme and artifice to defraud, the Defendants knowingly and willfully obtained money by means of materially false and fraudulent representations, pretenses and promises, and in furtherance thereof, did cause electronic wire communications to be transmitted in interstate commerce for the purpose of executing the scheme, and attempting to do so, as follows, each item constituting a separate count herein:

| COUNT | DATE OF WIRE | DESCRIPTION |
|-------|--------------|-------------|
| 2 | March 18, 2017 | Interstate wire transfer of funds initiated in the amount of $376,866 from the State of Mississippi to the bank account of New Learning Resource, Inc. ending in 4400, received on March 29, 2017, as part of a total wire of $769,104. |

4

| 3 | May 18, 2017 | Interstate wire transfer of funds initiated in the amount of $438,596 from the State of Mississippi to the bank account of New Learning Resource, Inc. ending in 4400, received on May 25, 2017, as part of a total wire of $895,081. |
| 4 | April 10, 2018 | Interstate wire transfer of funds initiated in the amount of $931,972 from the State of Mississippi to the bank account of New Learning Resource, Inc. ending in 4400, received on April 13, 2018. |
| 5 | May 15, 2018 | Interstate wire transfer of funds initiated in the amount of $812,011 from the State of Mississippi to the bank account of New Learning Resource, Inc. ending in 4400, received on May 21, 2018, as part of a total wire of $856,176.22. |
| 6 | March 7, 2019 | Interstate wire transfer of funds initiated in the amount of $751,387.50 from the State of Mississippi to the bank account of New Learning Resource, Inc. ending in 4400, received on March 12, 2019, as part of a total wire of $812,563.55. |
| 7 | May 14, 2019 | Interstate wire transfer of funds initiated in the amount of $751,387.50 from the State of Mississippi to the bank account of New Learning Resource, Inc. ending in 4400, received on May 21, 2019, as part of a total wire of $819,939.45. |
| 8 | March 12, 2020 | Interstate wire transfer of funds initiated in the amount of $737,881.21 from the State of Mississippi to the bank account of New Learning Resource, Inc. ending in 4400, received on March 23, 2020. |
| 9 | May 7, 2020 | Interstate wire transfer of funds in the amount of $737,881.21 from the State of Mississippi to Bank account of New Learning Resource, Inc. ending in 4400, received on May 15, 2020. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT 10
(Aggravated Identity Theft)

14.     On or about January 16, 2017, in Hinds County in the Northern Division of the

Southern District of Mississippi, and elsewhere, the defendants, **NANCY W. NEW** and

**ZACHARY W. NEW**, aided and abetted by each other, did knowingly use, without lawful

authority, a means of identification of another person, that is the name and Social Security

Number of victim "WR," during and in relation to wire fraud in violation of Title 18, United

States Code, Section 1343, knowing that the means of identification belonged to another actual

person, all in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

COUNT 11
(Aggravated Identity Theft)

15.     On or about January 26, 2018, in Hinds County in the Northern Division of the

Southern District of Mississippi, and elsewhere, the defendants, **NANCY W. NEW** and

**ZACHARY W. NEW**, aided and abetted by each other, did knowingly use, without lawful

authority, a means of identification of another person, that is the name and Social Security

Number of victim "BB," during and in relation to wire fraud in violation of Title 18, United

States Code, Section 1343, knowing that the means of identification belonged to another actual

person, all in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

COUNT 12
(Aggravated Identity Theft)

16.     On or about February 11, 2019, in Hinds County in the Northern Division of the

Southern District of Mississippi, and elsewhere, the defendants, **NANCY W. NEW** and

**ZACHARY W. NEW**, aided and abetted by each other, did knowingly use, without lawful

authority, a means of identification of another person, that is the name and Social Security

Number of victim "LW," during and in relation to wire fraud in violation of Title 18, United

States Code, Section 1343, knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 13
### (Aggravated Identity Theft)

17.     On or about November 22, 2019, in Hinds County in the Northern Division of the Southern District of Mississippi, and elsewhere,  the defendants, **NANCY W. NEW** and **ZACHARY W. NEW**, aided and abetted by each other, did knowingly use, without lawful authority, a means of identification of another person, that is the name and Social Security Number of victim "AM," during and in relation to wire fraud in violation of Title 18, United States Code, Section 1343, knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 14
### (Aggravated Identity Theft)

18.     On or about November 22, 2019, in Hinds County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendants, **NANCY W. NEW, and ZACHARY W. NEW**, aided and abetted by each other, did knowingly use, without lawful authority, a means of identification of another person, that is the name, Social Security Number and birth date of victim "LT" during and in relation to wire fraud in violation of Title 18, United States Code, Section 1343, knowing that the means of identification belonged to another actual person, all in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 15
### (Money Laundering Conspiracy)

19.     The factual allegations contained in Paragraphs 1 through 18 are re-alleged and incorporated as if set forth here in their entirety.

## STATUTORY ALLEGATION

20.     That from in and around May 2019, and continuing until at least in and around

June 2019, the exact dates being unknown to the Grand Jury, within the Southern District of

Mississippi, and elsewhere, the defendants **NANCY W. NEW** and **ZACHARY W. NEW** did

knowingly and intentionally combine, conspire, confederate, and agree with others, known and

unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18,

United States Code, Sections 1956 and 1957, to wit:

a.      to conduct and attempt to conduct financial transactions affecting interstate and
foreign commerce, which involved the proceeds of a specified unlawful activity, that is,
conspiracy to commit wire fraud as alleged in Count One and wire fraud as alleged in
Count Seven of this Indictment, knowing that the transactions were designed in whole
and in part to conceal and disguise the nature, location, source, ownership, and control of
the proceeds of the specified unlawful activity, that is, the conspiracy and substantive act
alleged in Counts One and Seven, and knowing that the property involved in the financial
transactions represented the proceeds of some form of unlawful activity, in violation of
18 U.S.C. § 1956(a)(1)(B)(i);

b.      to engage or attempt to engage in a monetary transaction of greater than $10,000
of proceeds, which involved the proceeds of the specified unlawful activity, that is, the
conspiracy and substantive act alleged in Counts One and Seven, and knowing that the
property involved in the monetary transaction involved criminally derived funds.

## WAYS, MANNER, AND MEANS

21.     The ways, manner, and means of the conspiracy charged in paragraphs 1 through

13 of Counts One and Seven are re-alleged and incorporated as if set forth here in their entirety

to describe the ways, manner, and means of the conspiracy charged in Count Fifteen.

22.     **NANCY W. NEW** and **ZACHARY W. NEW** received reimbursements from the

State of Mississippi in bulk payments.  In May of 2019, **NANCY W. NEW** and **ZACHARY W.**

**NEW** engaged in coordinated financial transactions designed to help conceal to conceal and

disguise the nature, location, source, ownership, and control of the proceeds of the wire fraud.

8

Further, **NANCY W. NEW** and **ZACHARY W. NEW** engaged in monetary transactions in excess of $10,000 with these funds as well.

23.     On May 21, 2019, the State of Mississippi caused the interstate wire transfer of funds in the amount of $751,387.50 from the State of Mississippi to the Trustmark National Bank account of New Learning Resource, Inc. ending in 4400.  These were "MAEP" reimbursement funds that resulted from the false material representations, promises, and pretenses of **NANCY W. NEW** and **ZACHARY W. NEW**, along with others both known and unknown to the Grand Jury.

24.     On June 4, 2019, **NANCY W. NEW** and **ZACHARY W. NEW** engaged in series of financial transactions.  First, $250,000 was transferred from the Trustmark National Bank account of NLR ending in 4400.  At least $207,165.81 of those funds came from the original May 21, 2019 deposit.  That money was transferred to a second account at Trustmark National Bank account of NLR ending 6179.

25.     On the same day, June 4, 2019, **ZACHARY W. NEW**, signed check 4855 which was drawn on the NLR account ending 6179.  It was a check for $250,000 and was payable to **NANCY W. NEW**.  At least $175,334.87 of those funds came from the original May 21, 2019 deposit.

26.     On the same day, June 4, 2019, **NANCY W. NEW** deposited that check into a third Trustmark National Bank Account ending 1403.  This is the bank account of **NANCY W. NEW, ZACHARY W. NEW**, and "JN."

27.     On June 5, 2019, **NANCY W. NEW** filled out and signed check 1594 drawn on Trustmark National Bank Account ending 1403.  The check was for $255,495.96 and made out

9

to "Cash". The memo line reads "1800". At least $76,889.19 of those funds came from the original May 21, 2019 deposit. The check was used to purchase a cashier's check.

28.     The cashier's check was provided to a local law firm who used it to complete the closing and purchase process for 1800 Sheffield Dr., Jackson, MS  39211, the same day. **NANCY W. NEW** purchased the property on June 5, 2019.

All in violation of 18 U.S.C. § 1956(h).

## COUNTS 16 and 17
### (Monetary Transactions with Proceeds of Specified Unlawful Activity)

29.     The factual allegations contained in Paragraphs 1 through 13, and Paragraphs 19 through 28 are re-alleged and incorporated as if set forth here in their entirety.

## STATUTORY ALLEGATION

30.     On or about the dates set below, within the Southern District of Mississippi, the identified defendant did engage or attempt to engage in a monetary transaction of greater than $10,000 of proceeds, which involved the proceeds of the specified unlawful activity that is, conspiracy to commit wire fraud as alleged in Count One and wire fraud as alleged in Count Seven of this Indictment, knowing that the knowing that the property involved in the monetary transaction involved criminally derived funds:

| Defendant | COUNT | DATE | MONETARY TRANSACTION |
|-----------|-------|------|----------------------|
| **ZACHARY W. NEW** | 16 | June 4, 2019 | Check 4855 to **NANCY W. NEW** in the amount of $250,000.00 which was drawn on the account of New Learning Resource, Inc. at Trustmark National Bank ending in 4400, signed by **ZACHARY W. NEW** |
| **NANCY W. NEW** | 17 | June 4, 2019 | Check 1594 to "Cash" in the amount of $255,495.96 which was drawn on the account of **NANCY W. NEW, ZACHARY W. NEW,** and |

| | | | another individual at Trustmark National Bank ending in 1403, filled out and signed by **NANCY W. NEW** and used to purchase a cashier's check payable to a local law firm |
|---|---|---|---|

All in violation of 18 U.S.C. § 1957(a) and 2.

<u>NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE</u>

The Grand Jury hereby finds probable cause that the property described in this notice of intent to seek criminal forfeiture is subject to forfeiture pursuant to the statutes described herein.

Pursuant to Fed.R.Crim.P. 32.2(a), **NANCY W. NEW** and **ZACHARY W. NEW** are hereby notified that if convicted of Counts One-Nine of this Indictment, they shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 2461, any property, real or personal, constituting, or derived from, any proceeds each defendant obtained, directly or indirectly, as the result of such violation.

If convicted of Counts 10-14 of this Indictment, **NANCY W. NEW** and **ZACHARY W. NEW** shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property, constituting , or derived from, any proceeds each defendant obtained, directly or indirectly, as the result of such violation.

If convicted of Counts 15 and 16, **ZACHARY W. NEW** forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1) all property, real or personal, involved in the offense and any property traceable thereto.

If convicted of Counts 15 and 17, **NANCY W. NEW** forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1) all property, real or personal, involved in the offense and any property traceable thereto.

The property subject to forfeiture includes at least:

a.     The real property known as 1800 Sheffield Dr., Jackson, MS  39211.

b.     United States currency in the form of a money judgment representing the

proceeds **NANCY W. NEW** and **ZACHARY W. NEW** obtained in the course of their wire

fraud conspiracy, wire fraud, aggravated identity fraud, and property involved in the money

laundering conspiracy and monetary transactions with proceeds of specified unlawful activity.

If any of the above-described forfeitable property, as a result of any act or omission of the

defendants:

a.     Cannot be located upon the exercise of due diligence;

b.     Has been transferred or sold to, or deposited with, a third party;

c.     Has been placed beyond the jurisdiction of the Court;

d.     Has been substantially diminished in value; or

e.     Has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), and as incorporated by 18

U.S.C. § 982(b)(1), to seek forfeiture of any other property of **NANCY W. NEW** and

**ZACHARY W. NEW** up to the value of forfeitable property described in this forfeiture

allegation or any bill of particulars supporting it.

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) and (a)(2)(B); and 28 U.S.C. § 2461.

**A TRUE BILL:**
**S/SIGNATURE REDACTED**
**Foreperson of the Grand Jury**

DARREN J. ZAMARCA
Acting United States Attorney

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this, the _16th_ day of March, 2021.

UNITED STATES MAGISTRATE JUDGE

12