**EXHIBIT A**



**U.S. Department of Justice**

*Office of the United States Attorney*
*Southern District of Mississippi*

501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201-0101

Clay B. Baldwin, Assistant U.S. Attorney
E-Mail: Clay.Baldwin@usdoj.gov

601.973.2895 (Direct Phone)
601.965.4409 (Facsimile)

March 29, 2024

**VIA ELECTRONIC MAIL**
Watson & Jones, PLLC
Attn: W. Robert Jones, III, Esq.
2829 Lakeland Dr., Ste 1502
Flowood, Mississippi 39232

      Re:    *United States v. Nancy W. New and Zachary W. New, 3:21-CR-028-CWR-LGI,*
               *Real Property located at 1203 Sgt. John Pittman Drive, Greenwood, Mississippi (the*
               *"North New Summit" campus)*

Dear Mr. Jones,

      The Government is in receipt of your letter dated February 7, 2024, providing the Government with information regarding the proposed sale of the referenced property above, (the "subject property"). As you are aware, the Grand Jury returned an indictment against Nancy W. New and Zachary W. New in the above-styled case, and in keeping with applicable plea agreements in the case, no assets of the defendants in excess of $1,000 may be disposed of without the concurrence of the United States.

      Your clients, New Learning Resources, Inc. and Avalon Holdings, LLC (the "Debtors"), are companies which are wholly owned and/or controlled by the News. It is the understanding of the United States that your clients wish to sell the subject property as an asset of the companies to pay off a mortgage and associated deed of trust held by Trustmark Bank. The Government has conducted a pre-seizure review of the property utilizing various sources including materials provided by you and your clients.

      Trustmark Bank presently holds a mortgage on the subject property securing an original loan balance of $775,500. As of February 8, 2024, the outstanding balance on the loan was $622,080.04, the balance of which will mature on or about May 18, 2024, and will not likely be renewed. A contract for the sale of the subject property, including furniture, equipment, and fixtures, has been executed by a prospective purchaser for $1,075,000. This amount was negotiated from an original listing price of $1,750,000. No other offers have been received by the contracted listing agent, Taylor Auction & Realty, Inc. ("Taylor") on the open market. A 2019 valuation commissioned by Trustmark Bank valued the property at $2,400,000. Back taxes in the amount of approximately $60,000 and brokerage commissions of approximately $65,000 also limit any expected net equity.

**EXHIBIT A**

Due to the likelihood of substantial criminal monetary penalties in the referenced case, including restitution, fines, and special assessments, the amount of net equity should be preserved from this asset toward satisfaction of such penalties. The United States concurs in the sale of the subject property to preserve the net equity of the property for repayment of criminal monetary penalties imposed.

Absent objection, foreclosure, or other proceedings initiated by Trustmark Bank as the lienholder, Counsel for the Debtors may proceed with any plans to sell the properties in satisfaction of the existing liens without objection from the Government, under the current contract or substantially similar contract for sale; provided, however, that all terms and conditions described herein are satisfied, to include all net proceeds from the sale of the subject property be paid over to the Clerk of Court for the Southern District of Mississippi. These funds will be held in the registry of the Court to be applied to any criminal monetary penalties imposed in the referenced case.

The Government requires that a resolution be passed by the Debtors agreeing for all net proceeds from the sale be paid into the registry of the Court for monetary penalties imposed upon Nancy New and/or Zachary New. Moreover, the Government will require copies of the final closing statements related to the sale. The Government will petition the Court to open its registry in this case for the deposit of the net proceeds from the sale of the subject property, including as exhibits all pertinent documents relaying the intent of the transaction and the source of the funds deposited. The Closing Attorney may contact the Clerk of Court for specific instructions on payment of the net equity proceeds.

This letter is specific to the real property referenced herein, and in no way limits the Government from pursuing forfeiture or execution of other assets or substitute assets not described, or a forfeiture money judgment based on the evidence in this case. The net equity proceeds from the sale of this property and held in the court's registry will be applied to any restitution or other criminal monetary penalty and will not affect the balance of any forfeiture money judgment imposed in the case, if applicable.

Please feel free to call me with any additional questions or concerns you may have.

Sincerely,

s/ *Clay B. Baldwin*
CLAY B. BALDWIN
Assistant U.S. Attorney
Asset Recovery Unit Coordinator


cc: Michael King, Esq. – Attorney for Trustmark Bank
    E. Barry Bridgforth, Esq. – Closing Attorney
    T. Gerry Bufkin, Esq. – Attorney for Avalon Holdings, LLC